# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL DE JESUS DIAZ,<br><br>  Petitioner,<br><br>v.<br><br>MINGA WOFFORD Facility Administrator (Warden), Golden State Annex, et. al,[1]<br><br>  Respondents. | Case No. 1:25-CV-01079 JLT EPG<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1) |

  Manuel De Jesus Diaz is a former immigration detainee with a pending habeas petition. (Doc. 1.) On September 5, 2025, the Court issued an order finding that Petitioner is likely to succeed on the merits of his habeas claim that his re-detention violated his rights under the Due Process Clause of the Fifth Amendment. (*See* Doc. 6 at 5–15.)[2] "Based upon the parties' waiving their right to file further briefs, the Court [took] the merits of the habeas petition under submission." (*Id*. at 15.) The parties have not submitted any new brief, document, or argument

---

[1] Respondents have moved to strike and dismiss all unlawfully named officials. (Doc. 18 at 1 n.1.) Although *Doe v. Garland* held that "[*Rumsfeld v. Padilla*, 542 U.S. 426 (2004)] set forth a clear rule requiring core habeas petitioners challenging their present physical confinement to name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition," 109 F.4th 1188, 1199 (9th Cir. 2024), *Doe* did not necessarily preclude naming more than one respondent so long as the immediate custodian is named. Given that Petitioner has named her immediate custodian as a Respondent, the Court declines to dismiss all the remaining named Respondents.

[2] Upon the agreement of the parties, the Court converted Petitioner's motion for a temporary restraining order into one for a preliminary injunction. (Doc. 23 at 1 n.1.)

Case 1:25-cv-01079-JLT-EPG    Document 24    Filed 02/05/26    Page 2 of 2

1 | since the Court's PI order.

Thus, for the reasons stated in the Court's order granting a preliminary injunction, the Court finds that Petitioner's re-detention violated the Due Process Clause of the Fifth Amendment. (*See* Doc. 6 at 5–15.) Accordingly, the petition for writ of habeas corpus, (Doc. 1), is **GRANTED**.

Respondents are **PERMANENTLY ENJOINED AND RESTRAINED** from re-arresting or re-detaining Mr. Diaz absent compliance with constitutional protections, which include at a minimum, strict compliance with the requirements of 8 C.F.R. 241.8 and the form of notice and opportunity to be heard prescribed in 8 C.F.R. § 241.4(l).

The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:    **February 5, 2026**

*[signature: Jennifer L. Thurston]*
UNITED STATES DISTRICT JUDGE